**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUSSELL L. SANFORD, JR.,

      Petitioner,

v.                                  Case No.   8:19-cv-611-CEH-AAS

GRADY C. JUDD, JR.,
POLK COUNTY SHERIFF,

      Respondent.
_____/

## ORDER

Before the Court are: 1) Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 71); 2) Respondent's response in opposition (Doc. 73); and 3) Petitioner's reply (Doc. 75). Also before the Court is Petitioner's Motion for Order Directing Respondents to File Transcripts of the State Court Hearings Pursuant to The Rules Governing Habeas Corpus in the United District Courts (Doc. 87), which Respondent opposes (Doc. 88). Upon consideration, the motion will be denied without prejudice, and Petitioner will be directed to show cause why his petition should not be dismissed as moot.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a Florida pre-trial detainee, was arrested on December 31, 2012, and accused of armed robbery (Doc. 7 at 20-22). His initial appearance was on January 1, 2013, and the Public Defender was appointed to represent him (*Id*. at 23-24). On

1

January 22, 2013, Petitioner was charged with three counts of robbery with a firearm and one count of driving while his license was suspended or revoked (*Id.* at 25-29). Petitioner also was charged in a separate Information with burglary and grand theft (*Id.* at 37-39). Petitioner's Motion for Pretrial Release or Reasonable Bail was denied (*Id.* at 40-42).

On August 16, 2013, defense counsel filed a motion in which he asserted he had reason to believe Petitioner was not mentally competent to proceed to trial and requested a court ordered examination to determine if Petitioner was competent to proceed (*Id.* at 43). The motion was granted, and the trial court appointed two experts to assess Petitioner's competence to proceed (*Id.* at 44). Because the experts came to different conclusions, the trial court ordered a third examination (*Id.* at 47-49). Following a competency hearing on November 15, 2013, the trial court found Petitioner was not competent to proceed and committed Petitioner to a facility for mental health treatment to attempt to restore his competency (*Id.* at 54-57). Petitioner's competency was restored, and the trial court found Petitioner competent to proceed on November 14, 2014 (*Id.* at 58-59).

On January 6, 2015, the Public Defender moved to withdraw from representing Petitioner due to a conflict of interest (*Id.* at 60-61). The motion was granted, and the Office of Criminal Conflict and Civil Regional Counsel was appointed to represent Petitioner (*Id.* at 62). Since its appointment in 2015, Regional Conflict Counsel has moved for competency evaluations of Petitioner several times (*Id.* at 65-66, 77-78, 86-

87, 107-08, 113-14, 126-27; Attachment A). And, after expert evaluations, Petitioner was found incompetent to proceed multiple times, and was treated and restored only to become incompetent again (*Id.* at 55-57, 59, 85, 125, 134-40, 150; Attachment B). However, on March 23, 2023, the trial court found Petitioner was competent (Attachment C), and Petitioner remains competent.

On September 26, 2023, the trial court granted Regional Conflict Counsel's oral motion to withdraw and appointed Mitchell A. Ladner as substitute counsel for Petitioner (Attachment D). And on January 23, 2024, Attorney Ladner's motion to withdraw was granted, Lee A. Cohen was appointed to represent Petitioner, and the case was set for mandatory docketing on April 11, 2024 (Attachment E).[1]

## II. DISCUSSION

Petitioner, through appointed counsel, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 71). The amended petition alleges two claims: 1) Petitioner's rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution have been violated because he has been detained either in jail or a mental health treatment facility for over a decade awaiting trial; and 2) Petitioner has been denied his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution by Regional Conflict Counsel. As

---

[1] The Court takes judicial notice of the information in Attachments A-E available on March 8, 2024, on the database maintained by the Clerk of the Court, Tenth Judicial Circuit, Polk County, Florida, http://www.polkcountyclerk.net/recordsearch. See Fed.R.Evid. 201.

relief, Petitioner requests the Court "appoint qualified counsel to represent Petitioner in his State court proceedings" (Doc. 71 at 19) and "conduct[] a competency hearing of its own, taking testimony from experts and other material witnesses, and rendering a ruling based on this Court's findings." (*Id.* at 17).

Considering Petitioner's restoration of competency and ongoing competency for nearly a year, Regional Conflict Counsel's withdrawal from the case, and the appointment of substitute counsel for Petitioner in his state criminal proceedings that now appear to be progressing forward to trial, the Court must determine if the amended petition has been rendered moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (holding that parties must continue to have a "personal stake in the outcome of the lawsuit" to sustain jurisdiction).

Accordingly:

1. Within thirty (30) days, Petitioner must show cause why the amended petition should not be dismissed as moot. Failing to do so will result in the dismissal of the petition with prejudice. Respondent may reply within thirty (30) days of Petitioner's filing.

2. Petitioner's Motion for Order Directing Respondents to File Transcripts of the State Court Hearings Pursuant to The Rules Governing Habeas Corpus in the United District Courts (Doc. 87) is **DENIED without prejudice** to Petitioner

4

renewing it after the mootness issue is decided.[2]

      **ORDERED** in Tampa, Florida on March 14, 2024.


Charlene Edwards Honeywell
United States District Judge


Copies to: Counsel of Record

---

[2] If the action is not dismissed as moot and Petitioner elects to renew his motion, he must specify with particularity which transcripts and appellate filings are necessary and how they will assist in deciding the issues presented in his claims.

# ATTACHMENT "A"

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA                    Case No.:  2013-CF-000134-XX
                                              2013-CF-000017-XX
vs.

Russell Sanford
        Defendant,

## MOTION TO APPOINT COMMITTEE OF EXPERTS TO EVALUATE DEFENDANT TO DETERMINE DEFENDANT'S COMPETENCY TO PROCEED

**COMES NOW** Counsel for the Defendant and moves, pursuant to Fla. R. Crim. P. 3.210 and Florida Statute Section 916.11(1)(d), that this Honorable Court order the examination of Defendant to determine whether Defendant is presently competent to proceed.  Counsel requests that a committee of experts be appointed to conduct such examination.  Counsel further requests that this Court set a time for a hearing to determine whether Defendant is competent to proceed and that such time be not later than twenty 20 days after the date of the filing of this Motion.  As grounds, counsel states:

Undersigned counsel has reason to believe that Defendant is not mentally competent to proceed to trial.

To the extent possible without unnecessarily abridging attorney-client confidentiality, counsel states the following as grounds for the belief that Defendant may not be mentally competent to proceed. Defendant's stated defense is based on delusional beliefs.

Counsel certifies that this Motion is made in good faith and upon reasonable grounds to believe Defendant is not presently competent to proceed.

**WHEREFORE,** Counsel for the Defendant requests this Court to appoint said experts for the examination of Defendant.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy hereof has been furnished to Office of the State Attorney of the Tenth Judicial Circuit via e-service on July 2nd, 2021.

**Paul E Watson**
Attorney for the Defendant
622 W Polk Street
Bartow, FL 33830
Telephone: 863-534-3689
Fax: 863-534-1611

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA

Case No.:  2013-CF-000134-XX
2013-CF-000017-XX

vs.

Russell Sanford
    Defendant,

## MOTION TO APPOINT COMMITTEE OF EXPERTS TO EVALUATE DEFENDANT TO DETERMINE DEFENDANT'S COMPETENCY TO PROCEED

**COMES NOW** Counsel for the Defendant and moves, pursuant to Fla. R. Crim. P. 3.210 and Florida Statute Section 916.11(1)(d), that this Honorable Court order the examination of Defendant to determine whether Defendant is presently competent to proceed.  Counsel requests that a committee of experts be appointed to conduct such examination.  Counsel further requests that this Court set a time for a hearing to determine whether Defendant is competent to proceed and that such time be not later than twenty 20 days after the date of the filing of this Motion.  As grounds, counsel states:

Undersigned counsel has reason to believe that Defendant is not mentally competent to proceed to trial.

To the extent possible without unnecessarily abridging attorney-client confidentiality, counsel states the following as grounds for the belief that Defendant may not be mentally competent to proceed. Defendant's stated defense is based on delusional beliefs.

Counsel certifies that this Motion is made in good faith and upon reasonable grounds to believe Defendant is not presently competent to proceed.

**WHEREFORE,** Counsel for the Defendant requests this Court to appoint said experts for the examination of Defendant.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy hereof has been furnished to Office of the State Attorney of the Tenth Judicial Circuit via e-service on December 15, 2022.

**Paul E Watson**
Attorney for the Defendant
622 W Polk Street
Bartow, FL 33830
Telephone: 863-534-3689
Fax: 863-534-1611

# ATTACHMENT "B"

Filing # 118760753 E-Filed 12/28/2020 12:25:38 PM

IN THE CIRCUIT COURT
OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA                          CASE NO.:  2013-CF-000134-XX
                                                     2013-CF-000017-XX
v.

Russell Sanford,
        Defendant.

**ORDER ADJUDGING DEFENDANT INCOMPETENT TO PROCEED AND**
**COMMITMENT TO DEPARTMENT OF CHILDREN AND FAMILIES**
**(MENTAL ILLNESS - MEETS CRITERIA)**

THIS CAUSE having come to be heard before the Court, and the questions of the

competency of the Defendant in this cause to proceed having been raised in accordance with the

provisions of Rule 3.210(b), Fla. R. Crim. P., the Court, pursuant to  s. 916.115, Fla. Stat., and

Rule 3.210(b), Fla. R. Crim. P., appointed Dr. Tracey G. Henley, Psy. D. to examine the

Defendant and to report to the Court on whether the Defendant is competent to proceed and, if

not, to report on any recommended treatment for the defendant to attain competence to proceed.

The court having received a written report of the above-named expert selected by the Defendant's

Attorney and others in relation to the issue of the Defendant's competency to proceed and need

for treatment, the court hereby makes the following Findings of Fact and Conclusions of Law:


**FINDINGS OF FACT:**

1.      The Defendant suffers from a mental illness, as described by the evaluations of

the appointed expert.

2.      Based upon the evaluations of the appointed expert, the Defendant meets the

criteria to be found incompetent to proceed in the cause.


**CONCLUSIONS OF LAW:**

A.      The Defendant is incompetent to proceed due to the Defendant's  mental illness as

defined in s. 916.106(11), Fla. Stat.

B.     The Defendant, who is incompetent to proceed, is presently charged with a felony.

C.     The Defendant meets the criteria for involuntary placement with the Department of Children and Families as provided in s. 916.13(1), Fla. Stat. To wit:

(1) The Defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the Defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the Defendant's well-being; and,

(2) There is a substantial likelihood that in the near future the Defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm.

D.     There are no available, less restrictive alternatives, including treatment in community residential facilities or community settings, which would offer an opportunity for improvement of the Defendant's condition, which are appropriate.

E.     There is a substantial probability that the mental illness causing the Defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.

Based upon the FINDINGS OF FACTS and CONCLUSIONS OF LAW, it is ORDERED AND ADJUDGED that:

1.     The Defendant is incompetent to proceed due to the Defendant's mental illness as defined in s. 916.106(11), Fla. Stat., and all further proceedings are hereby stayed.

2.     The Defendant is hereby committed to the Department of Children and Families.

3.     The Defendant meets the criteria for commitment to a treatment facility of the Department of Children and Families as provided in s. 916.13(1), Fla. Stat., and is hereby committed to the Department of Children and Families to be placed in a mental health treatment facility pursuant to s. 916.13(2), Fla. Stat.

4.     The Clerk of the Court is directed to forthwith forward a certified copy of this Order along with copies of any written reports submitted to this Court by experts appointed by the Court relating to the issues of competency and need for treatment; copies of any other psychiatric, psychological or social work reports submitted to the court relative to the mental

state of the defendant; and a copy of the charging instrument and all supporting affidavits or other documents used in the determination of probable cause to:

Forsenic Admissions Coordinator
Department of Children and Families
District Fourteen

5.    Upon notification of an admission date by the Department of Children and Families, the Sheriff of Polk County shall, on the date specified, forthwith transport and deliver the Defendant to a treatment facility designated by the Department, together with a certified copy of this Order and the other documentation outlined in paragraph 4 above.

6.    The Department, through the Administrator of the facility to which the Defendant is admitted, shall report directly to this Court, with copies to all persons on the distribution page of this order, on the issues of competency to proceed and the need for continued commitment as provided in s. 916.13(2), Fla. Stat., and in Rule 3.212 (5),  Fla. R. Crim. P.

7.    In the event the Defendant's presence is required at any hearings in this cause, this Court shall issue an Order to Transport, directing the Sheriff of Polk County, or his designee to resume custody of and transport the Defendant back to the jurisdiction of this Court. This Court hereby sets a Review Hearing on Defendant's competency for March 15, 2021 at 9:00 AM.

8.    In the case of those Defendants found incompetent to proceed with the trial of the case, the requirements of Rule 3.191, Fla. R. Crim. P., are hereby temporarily suspended.

9.    This Court retains jurisdiction in this cause, pursuant to s. 916.16, Fla. Stat., and the Defendant shall not be discharged or released from commitment within the Department of Children and Families without further Order of this Court.

DONE AND ORDERED at Bartow, POLK County, Florida, this 28 day of December, 2020.

Keith P Spoto
Circuit Judge

xc:    Polk County Office of the State Attorney
       Criminal Conflict and Civil Regional Counsel
       Polk County Jail
       Department of Children and Families
       Forsenic Admissions Coordinator, Polk County Clerk

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, STATE OF FLORIDA

STATE OF FLORIDA

CASE NO:  2013-CF-000134-XX
2013-CF-000017-XX

v.

RUSSELL SANFORD,
Defendant.
_____ _ _____ __/

### ORDER ON DEFENDANT'S CONTINUING INCOMPETENCY

**THIS MATTER** came before the Court for hearing on the Defendant's continuing

incompetency.   The Court after hearing arguments of the parties, and being otherwise fully

advised in the premises therein, it is hereby:

**ORDERED AND ADJUDGED** that the Defendant remains incompetent to proceed and

is in need of continuing treatment for his mental illness.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall conduct another

review of Defendant's need for treatment on August 2, 2021 at 9:00 AM.

**DONE AND ORDERED** at Bartow, Polk County, Florida on this ___7___ day of April,

2021

THE HONORABLE   KEITH P. SPOTO
CIRCUIT COURT JUDGE
TENTH JUDICIAL CIRCUIT
POLK COUNTY, FLORIDA

Copies furnished to:
Conflict Regional Counsel, Paul E Watson
Office of the State Attorney
Department of Children and Families

Filing # 135802079 E-Filed 10/04/2021 08:25:24 AM

IN THE CIRCUIT COURT
OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA                     CASE NO.:   2013CF-000017-XX
                                                 2013CF-000134-XX

v.

Russell Sanford,
        Defendant.

## ORDER ADJUDGING DEFENDANT INCOMPETENT TO PROCEED AND COMMITMENT TO DEPARTMENT OF CHILDREN AND FAMILIES (MENTAL ILLNESS)

THIS CAUSE having come to be heard before the Court, and the questions of the competency of Defendant in this cause to proceed having been raised in accordance with the provisions of Rule 3.210(b), Fla. R. Crim. P., the Court, pursuant to s. 916.115, Fla. Stat., and Rule 3.210(b), Fla. R. Crim. P., appointed Dr. Tracey Henley, Psy. D. to examine Defendant and to report to the Court on whether Defendant is competent to proceed and, if not, to report on any recommended treatment for Defendant to attain competence to proceed. The court having received written report of the above-named expert in relation to the issue of Defendant's competency to proceed and need for treatment, the court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT:

1.      Defendant suffers from a mental illness, as described by the evaluations of the appointed expert.

2.      Based upon the evaluations of the appointed expert Defendant meets the criteria to be found incompetent to proceed in the cause.

## CONCLUSIONS OF LAW:

A.      Defendant is incompetent to proceed due to the Defendant's mental illness as defined in s. 916.106(11), Fla. Stat.

B.    Defendant, who is incompetent to proceed, is presently charged with a felony.

C.    Defendant meets the criteria for involuntary placement with the Department of Children and Families as provided in s. 916.13(1), Fla. Stat.

(1)  Defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, Defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to Defendant's well being; and,

(2)  There is a substantial likelihood that in the near future Defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm.

D.    There are no available, less restrictive alternatives, including treatment in community residential facilities or community settings, which would offer an opportunity for improvement of Defendant's condition, which are appropriate.

E.    There is a substantial probability that the mental illness causing Defendant's incompetence will respond to treatment and Defendant will regain competency to proceed in the reasonably foreseeable future.

**Based upon the FINDINGS OF FACTS and CONCLUSIONS OF LAW, it is ORDERED AND ADJUDGED that:**

1.    Defendant is incompetent to proceed due to Defendant's mental illness as defined in s. 916.106(11), Fla. Stat., and all further proceedings are hereby stayed.

2.    Defendant is hereby committed to the Department of Children and Families.

3.    Defendant meets the criteria for commitment to a treatment facility of the Department of Children and Families as provided in s. 916.13(1), Fla. Stat., and is hereby committed to the Department of Children and Families to be placed in a mental health treatment facility pursuant to s. 916.13(2), Fla. Stat.

4.    The Clerk of the Court is directed to forthwith forward a certified copy of this Order along with copies of any written reports submitted to this Court by experts appointed by the Court relating to the issues of competency and need for treatment; copies of any other psychiatric, psychological or social work reports submitted to the court relative to the mental

state of Defendant; and a copy of the charging instrument and all supporting affidavits or other documents used in the determination of probable cause to:

> Forsenic Admissions Coordinator
> Department of Children and Families
> District Fourteen

5.     Upon notification of an admission date by the Department of Children and Families, the Sheriff of Polk County shall, on the date specified, forthwith transport and deliver Defendant to a treatment facility designated by Department, together with a certified copy of this Order and the other documentation outlined in paragraph 4 above.

6.     The Department, through the Administrator of the facility to which Defendant is admitted, shall report directly to this Court, with copies to all persons on the distribution page of this order, on the issues of competency to proceed and the need for continued commitment as provided in s. 916.13(2), Fla. Stat., and in Rule 3.212 (5), Fla. R. Crim. P.

7.     In the event Defendant's presence is required at any hearings in this cause, this Court shall issue an Order to Transport, directing the Sheriff of Polk County, or his designee to resume custody of and transport Defendant back to the jurisdiction of this Court.

8.     In the case of those Defendants found incompetent to proceed with the trial of the case, the requirements of Rule 3.191, Fla. R. Crim. P., are hereby temporarily suspended.

9.     This Court retains jurisdiction in this cause, pursuant to s. 916.16, Fla. Stat., and Defendant shall not be discharged or released from commitment within the Department of Children and Families without further Order of this Court.

10.    This Court sets in these cases for a Review Hearing on May 3, 2022 at 8:30 AM and the Department of Children and Families shall provide the Court and the parties with an update on Defendant's treatment prior to that court date.

DONE AND ORDERED at Bartow, POLK County, Florida, this ___4___ day of October, 2021.

Keith P Spoto
Circuit Judge

xc:    Polk County Office of the State Attorney
        Criminal Conflict and Civil Regional Counsel
        Polk County Jail
        Department of Children and Families
        Forsenic Admissions Coordinator, Polk County Clerk

# ATTACHMENT "C"

IN THE CIRCUIT COURT
OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA


**STATE OF FLORIDA,**
      Plaintiff,

vs.                           **Case No: 2013-CF-000134-XX**
                                      **2013-CF-000017-XX**


**RUSSELL SANFORD,**
           **Defendant. /**
_____


## ORDER ON DEFENDANT'S COMPETENCY REVIEW

      This cause came to be heard upon Defendant's competency review. The Court being fully advised in the premises, the parties having stipulated to the findings of Doctor Tracy L. Hartig, Psy.D., and the Court otherwise being advised in the matter,

      IT IS, ORDERED:

That the Defendant has become competent and the legal proceedings in his cases shall resume.

That this cause is continued for a Pretrial Conference on April 18, 2023, at 1:00 P.M..

      DONE AND ORDERED in Chambers, at Bartow, Polk County, Florida, this _23rd_day of March, 2023.

                            _____
                               SHARON M. FRANKLIN
                               Circuit Court Judge

xc:    Office of the State Attorney
       Office of Criminal Conflict and
       Civil Regional Counsel
       Department of Children and Family
       Circuit 10: Court Mental Health Coordinator

# ATTACHMENT "D"

Filing # 182586881 E-Filed 09/26/2023 11:00:59 AM

IN THE CIRCUIT COURT
OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA,
      Plaintiff,

vs.
                                     **Case No: 2013-CF-000017-XX**
                                     **2013-CF-000134-XX**

**RUSSELL LESTER SANFORD,**
           **Defendant. /**

## ORDER APPOINTING COUNSEL FOR DEFENDANT (OAC)

      This cause came to be heard upon the Oral Motion to Withdraw, as court appointed counsel, filed herein by the Office of the Regional Counsel, due to a conflict. The Court being fully advised in the premises, it is, upon consideration thereof,

      ORDERED:

That the Office of Criminal Conflict and Civil Regional Counsel Motion to Withdraw is hereby GRANTED.

That **MITCHELL A LADNER, Bar ID: 420719, 205 NORTH MILL AVENUE, BARTOW,**

**FL 33830, (863) 422-2047**, is hereby appointed to represent the Defendant in the above-styled

cause, which are set for **Mandatory Docketing (2013CF-000017-XX) and Docketing (2013CF-**

**000134-XX) on November 1, 2023 at 8:29 A.M.**

      **ORDERED** in Polk County, Florida on Tuesday, September 26, 2023.

53-2013-CF-000017-A000-XX 09/26/2023 10:36:11 AM

Sharon Franklin, Circuit Judge
      53-2013-CF-000017-A000-XX 09/26/2023 10:36:11 AM

RUSSELL LESTER SANFORD J

# ATTACHMENT "E"

Filing # 190352885 E-Filed 01/23/2024 02:36:51 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
FOR POLK COUNTY, FLORIDA

**STATE OF FLORIDA,**
     Plaintiff,

Case No.: **CF2013-000017**

vs.

**RUSSELL LESTER SANFORD,**
     Defendant.

_____/

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL
## DUE TO CONFLICT OF INTEREST AND APPOINTING NEW COUNSEL

**THIS CAUSE**  came to be heard upon Mitchell A. Ladner's Motion to Withdraw as Counsel due to Conflict of Interest in representation of the above-named Defendant.  Conflict of interest having been certified to the Court, it is therefore:

ORDERED:

1. That Mitchell A. Ladner's Motion to Withdraw is hereby GRANTED.

2. That LEE A COHEN, Bar ID: 63495, 5430 STRICKLAND AVE, LAKELAND, FL 33812, (863) 646-7637 is hereby appointed to represent the Defendant in the above-styled cause, which is set for Mandatory Docketing on the 11th day of April, 2024.

**ORDERED** in Polk County, Florida on Tuesday, January 23, 2024.

53-2013-CF-000017-A000-XX 01/23/2024 02:25:55 PM

Sharon Franklin, Circuit Judge
53-2013-CF-000017-A000-XX 01/23/2024 02:25:55 PM

Cc: State Attorney (Felony Division 6)
     Defendant, Russell Sanford, South County Jail, 1103 US 98, Frostproof, FL 33843
     Booking #1232438