UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL L. SANFORD, JR.,

    Petitioner,

v.                                            Case No.   8:19-cv-611-CEH-AAS

GRADY C. JUDD, JR.,
POLK COUNTY SHERIFF,

    Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 71), and the State's Motion for Clarification (Doc. 103). Upon consideration, the Court concludes both the petition and motion should be denied as moot.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner, a Florida pre-trial detainee, was arrested on December 31, 2012, and accused of armed robbery (Doc. 7 at 20-22). His initial appearance was on January 1, 2013, and the Public Defender was appointed to represent him (*Id*. at 23-24). On January 22, 2013, Petitioner was charged with three counts of robbery with a firearm and one count of driving while his license was suspended or revoked (*Id*. at 25-29). Petitioner also was charged in a separate Information with burglary and grand theft (*Id*. at 37-39). Petitioner's Motion for Pretrial Release or Reasonable Bail was denied (*Id*. at 40-42).

1

On August 16, 2013, defense counsel filed a motion in which he asserted he had reason to believe Petitioner was not mentally competent to proceed to trial and requested a court ordered examination to determine whether Petitioner was competent to proceed (*Id*. at 43). The motion was granted, and the trial court appointed two experts to assess Petitioner's competence to proceed (*Id*. at 44). Because the experts came to different conclusions, the trial court ordered a third examination (*Id*. at 47-49). Following a competency hearing on November 15, 2013, the trial court found Petitioner was not competent to proceed and committed Petitioner to a facility for mental health treatment to attempt to restore his competency (*Id*. at 54-57). Petitioner's competency was restored, and the trial court found Petitioner competent to proceed on November 14, 2014 (*Id*. at 58-59).

On January 6, 2015, the Public Defender moved to withdraw from representing Petitioner because of a conflict of interest (*Id*. at 60-61). The motion was granted, and the Office of Criminal Conflict and Civil Regional Counsel was appointed to represent Petitioner (*Id*. at 62). Since its appointment in 2015, Regional Conflict Counsel has moved for competency evaluations of Petitioner several times (*Id*. at 65-66, 77-78, 86-87, 107-08, 113-14, 126-27). And, after expert evaluations, Petitioner was found incompetent to proceed multiple times, and was treated and restored only to become incompetent again (*Id*. at 55-57, 59, 85, 125, 134-40, 150). But on March 23, 2023, the trial court found Petitioner was competent (*see* Doc. 101 at Attachment C), and Petitioner remains competent.

On September 26, 2023, the trial court granted Regional Conflict Counsel's oral motion to withdraw and appointed Mitchell A. Ladner as substitute counsel for Petitioner (*Id*. at Attachment D). And on January 23, 2024, Attorney Ladner's motion to withdraw was

2

granted, and Lee A. Cohen was appointed to represent Petitioner (*Id*. at Attachment E).

Because Petitioner no longer was incompetent, and because substitute counsel was appointed to represent Petitioner, this Court issued an order directing Petitioner to show cause why his amended petition should not be dismissed as moot (Doc. 101). After Petitioner responded (Doc. 105), and the State and Respondent replied (Docs. 106, 108), the Court held a hearing with counsel for the parties on the issues in this action (Doc. 113).

## II. DISCUSSION

The amended petition alleges two claims: 1) Petitioner's rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution have been violated because he has been detained either in jail or a mental health treatment facility for over a decade awaiting trial; and 2) Petitioner has been denied his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution by Regional Conflict Counsel (Doc. 71). As relief, Petitioner requests the Court "appoint qualified counsel to represent Petitioner in his State court proceedings" (Doc. 71 at 19) and "conduct[] a competency hearing of its own, taking testimony from experts and other material witnesses, and rendering a ruling based on this Court's findings." (*Id*. at 17).

Considering Petitioner's restoration of competency and continued competency for over 19 months, Regional Conflict Counsel's withdrawal from the case, and the appointment of substitute counsel for Petitioner in his state criminal proceedings that now appear to be progressing forward to trial, the Court finds the amended petition has been rendered moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *See Lewis v. Continental Bank Corp.*, 494 U.S.

472, 477 (1990) (holding that parties must continue to have a "personal stake in the outcome of the lawsuit" to sustain jurisdiction). Because Petitioner has obtained the relief he sought through his amended petition -- newly appointed counsel, and a determination that he has been restored to competency to stand trial -- the amended petition will be denied as moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.") (citation omitted).[1]

Accordingly:

1. Petitioner's amended petition for writ of habeas corpus (Doc. 71) is **DISMISSED** as moot.

2. The State's motion for clarification (Doc. 103) is **DENIED** as moot.

3. A certificate of appealability is **DENIED** and leave to appeal *in forma pauperis* is also **DENIED**.

4. The Clerk is directed to close this case.

---

[1] In his response to the order to show cause, Petitioner argues his amended petition is not moot because "his new counsel will likely move to have him declared incompetent again and he potentially faces another five years of continuing incompetency without proceeding to trial" since he continues to insist on an entrapment defense (Doc. 105 at 5). But speculative contingencies cannot sustain an otherwise moot controversy. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."). Finally, to the extent that Petitioner implies he is entitled to counsel who will pursue an entrapment defense, his claim warrants no relief. *See Gore v. State*, 784 So. 2d 418, 437 (Fla. 2001) ("A lawyer's decision, in the exercise of his or her legal judgment, not to pursue a certain line of defense desired by the defendant does not constitute good cause for discharging counsel." (citing *Sanchez v. Mondragon*, 858 F.2d 1462, 1466 (10th Cir. 1988), *overruled on other grounds by United States v. Allen*, 895 F.2d 1577 (10th Cir. 1990))).

**ORDERED** in Tampa, Florida, on October 29, 2024.

                                        Charlene Edwards Honeywell
                                        United States District Judge

Copies to: Counsel of Record